CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
12/17/2020
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| GENEVIEVE G. NEALE & JON K. STEINHORST,<br><br>*Plaintiffs*,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, *et al.*,<br><br>*Defendants* | CASE NO. 6:20-cv-42<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

On June 17, 2017, a fire damaged and destroyed Genevieve Neale and Jon Steinhorst's ("Plaintiffs") dwelling and property. When they reported the loss, the claim was only partially accepted for coverage. To recover their loss in full, Plaintiffs sued five entities in the Liberty Mutual corporate family ("Defendants") for declaratory relief and damages. However, Plaintiffs failed to sue the right company that had issued their insurance policy. Defendants have moved to dismiss for failure to state a claim, Dkt. 9, and Plaintiffs have moved to amend their complaint to name the proper party, Dkt. 14. The Court will grant both motions: dismissing claims against Defendants without prejudice and affording Plaintiffs leave to amend.

### I.    LEGAL STANDARD

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint to determine whether a plaintiff has properly stated a claim; it "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The Court must take all facts and reasonable inferences in favor of the plaintiff, disregard any legal conclusions, and not credit any formulaic

recitations of the elements. *See Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

Courts may consider exhibits attached to a complaint. *United States ex rel. Constructors Inc. v. Gulf Ins. Co.*, 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 1357 at 299 (2d ed. 1990)); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."). Moreover, in instances where there is a conflict between the allegations in the complaint and any attached exhibit, the exhibit will triumph. *See Fayetteville Inv'rs v. Comm'l Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *Davis v. Cole*, 999 F. Supp. 809, 812 (E.D. Va. 1998) (citing *Fayetteville Inv'rs*, 936 F.2d at 1465) ("Where there is a conflict between the bare allegations of the complaint and any exhibit attached pursuant to Rule 10(c), the exhibit prevails. Consistent with these holdings, the Court will examine a 12(b)(6) motion in light of the facts alleged in the complaint and the exhibits attached, deferring to the exhibits where there is a conflict.").

## II.  FACTUAL AND PROCEDURAL BACKGROUND AS ALLEGED

Plaintiffs had purchased insurance to cover their property under the policy outlined in Exhibit 4. Dkt. 1-4. The coverage included damage related to property, loss of use of the dwelling, costs triggered by imposition of law or ordinance, and coverage for out buildings and other structures. *See id.* The policy covered risk of loss due to fire. Dkt. 1-1 ¶ 5.

On June 17, 2017, a fire damaged Plaintiffs' dwelling and property. *Id.* ¶ 6. Plaintiffs timely reported their loss and Defendants accepted the claim for coverage—even making a partial payment. *Id.* ¶¶ 7–8. However, Defendants refused to pay the claim in full. *Id.* ¶ 9.

On June 14, 2019, Plaintiffs filed a complaint against Defendants in Campbell County Circuit Court for breach of contract and declaratory relief. Dkt. 1-1. The contract provides that the suit be filed within 2 years of the damage. *Id.* ¶ 13; Dkt. 1-4 at 19 ("No action can be brought unless the policy provisions have been complied with and the action is started within two years after the date of loss."). Several weeks later, Defendants issued another partial payment to the Plaintiffs in the amount of $12,001.18. Dkt. 24 at 2. Although a partial payout was made, the case against Defendants remained filed, sitting dormant for almost a year before Plaintiffs served Defendants. Dkt. 16 at 3. Plaintiffs did not serve the complaint at an earlier time because of recusal issues and the suspension of court activity for several months in 2020 by order of the Supreme Court of Virginia. Dkt. 18 at 2. In Virginia, parties have up to one year to serve a complaint. *Id.* Plaintiffs served Defendants on June 8, 2020—just shy of one year from the filing of the complaint in state court.

Defendants removed the case to federal court on July 1, 2020, invoking diversity-of-citizenship jurisdiction. Dkt. 1. Shortly thereafter, Defendants filed a motion to dismiss and Plaintiffs filed a motion to amend. Dkts. 9, 14.

### III.     DISCUSSION

In their motion to amend, Plaintiffs seek leave to add Liberty Insurance Company ("LIC") as a party Defendant. Plaintiffs assert that LIC is a subsidiary of "one or more" of the named Defendants. Dkt. 14 ¶ 1. Plaintiffs seek to name LIC as a Defendant because it was the entity that issued Plaintiffs' insurance policy, and all parties agree, was the proper defendant in this case.

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); s*ee Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 448 (4th Cir. 2004) ("The language of Federal Rule of Civil Procedure 15(a) has been construed to counsel a liberal reading of its application."). However, leave to amend should be denied when "the amendment would be

3

prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

To determine whether an amendment in this case would be futile, the Court first analyzes Fed. R. Civ. P. 15 — specifically, whether the Plaintiffs' claims against Defendants may "relate back" to LIC. If applying relation back principles under Rule 15(c) results in a more lenient outcome, or yields the same result, compared to Virginia state law, the Court's determination is straightforward, and it simply applies Rule 15(c). If the federal rule is more restrictive than the Virginia rule, the Court should apply the "more forgiving principle of relation back." Fed. R. Civ. P. 15 advisory committee's note to the 1991 amendment.

For the reasons set out below, this Court finds that Plaintiffs may, pursuant to Rule 15(c)(1)(C), add LIC as a party.

The Fourth Circuit has held that Rule 15(c) is applicable in diversity actions. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 611 (4th Cir. 1980) (finding that, in the face of a contrary state rule, Rule 15(c) must apply in diversity cases). Under Rule 15(c), an amendment relates back to the date of an original pleading when (A) the law provides that the applicable statute of limitations allows relation back; (B) when the amendment asserts a claim or defense arising out of the same transaction or occurrence from the original pleading; or (C) the amendment changes the naming of the party against whom the claim is asserted if it arises from the same transaction or occurrence and service is provided within the time outlined under Rule 4(m) and (i) the new party received such notice of the action as to not prejudice them in defending on the merits and (ii) the new party knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

To start, the parties agree that Plaintiffs' claims against LIC arise out of the same conduct, transaction, or occurrence set forth in the original pleading. A bigger issue surfaces when

4

considering the other requirements under Rule 15(c)(1)(C)—timeliness, notice, and prejudice to new defendants.

1. Timeliness

As an initial matter, Rule 15(c) requires that a party to be brought in by amendment received notice of the action within the period provided by Rule 4(m). Rule 4(m) requires service of the summons and complaint within 90 days of the complaint's filing, unless good cause is shown to extend the service. Fed. R. Civ. P. 4(m). *See Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010). Moreover, 28 U.S.C. § 1448 provides that, "in any case removed from state court in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."

A plaintiff in a case removed to federal court has 90 days from the filing of the notice of removal to serve the proper defendants.[1] *Dietz v. McAdams-Norman Prop., II, LLC*, No. 7:12-CV-00509-JCT, 2013 WL 247651, at *3 (W.D. Va. Jan. 23, 2013); *see also Rice v. Alpha Sec., Inc.*, 556 F. App'x 257, 261 (4th Cir. 2014) (explaining that a plaintiff in a removed case was entitled "in federal court post-removal" to seek to serve the defendants within the period provided for in Fed. R. Civ. P. 4(m)).

Applied in this case, Plaintiffs failed to complete timely service of an amended complaint properly naming LIC as a Defendant. The case was removed on July 1, 2020, so Plaintiffs had 90

---

[1] The 2015 amendment to Fed. R. Civ. P. 4(m) reduced the presumptive time for serving a defendant from 120 days to 90 days. "Shortening the time to serve under Rule 4(m) means that the time of the notice required by Rule 15(c)(1)(C) for relation back is also shortened." Fed. R. Civ. P. 4 advisory committee's note to the 2015 amendment.

5

days from removal to satisfy the requirements of Rule 4(m). However, if LIC had actual or constructive notice of the suit within that 90-day period, relation back may be permitted.

The Court finds that even though Plaintiffs did not amend or serve an updated complaint within the 90-day time frame, LIC had constructive notice of the suit. In *Goodman v. Praxair, Inc.*, the Fourth Circuit considered constructive notice between a parent and subsidiary company. 494 F.3d 458 (4th Cir. 2007). Specifically, the ruling in *Goodman* emphasized the importance of notice in the Rule 15 inquiry—focusing on whether there was notice to the new party within the limitations period, and the prejudicial effect such an amendment would have on the new party. *Id.* at 470.

*Goodman* involved a plaintiff who mistakenly sued a parent company rather than the subsidiary, which was the proper defendant. *Id.* at 461. The Fourth Circuit found that even though the subsidiary was not named in the suit or served, nonetheless the subsidiary had notice of the suit, and that such notice may be imputed to the subsidiary in a number of circumstances. *Id.* at 474. This includes situations where there is an identity of interest between a parent and wholly owned subsidiary and in circumstances where officers, directors, or shareholders are "substantially identical" and "who may have similar names or conduct business from the same offices." *Id.* Further, constructive knowledge of the claims can be imputed against a subsidiary in cases where a subsidiary is represented by "the same attorneys" as the parent. *Id.* at 475.

Here, Plaintiffs submitted their motion to amend on July 31, 2020, well within the prescribed limitations period outlined by Rule 4(m). Dkt. 14. In addition, during the hearing on these pending motions, the Court asked counsel for the Defendants what standing his client had to raise any relation back issues on behalf of LIC. Hearing Trans. Oct. 26, 2020 at 22. Counsel responded by saying "We [the attorneys representing Defendants] actually filed on behalf of both the group of defendants as well as Liberty Insurance Corporation. So the pleading that I filed was

6

on behalf of the named defendants and Liberty Insurance Corporation." *Id.* Defense counsel's statement appears to be comparable to the situation contemplated by *Goodman*, where a subsidiary can be found to have constructive knowledge when it is represented by the "same attorneys" as the parent company. "The 'shared attorney' method of imputing [Rule 15(c)(1)(C)(i)] notice is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 196 (3d Cir. 2001). A shared attorney is a "substantial factor in favor of relating the date of the amended complaint back to the date of the original complaint." *Ross v. Franklin Cty. Dep't of Soc. Servs.*, No. 7:14–CV–00512, 2016 WL 2757449, at *4 (W.D. Va. May 11, 2016). Accordingly, the Court finds the notice requirement under Rule 15(c)(1)(C) is satisfied.

    2. Prejudice

Rule 15(c) requires courts to consider whether the new party would be prejudiced in maintaining a defense on the merits. Defendants argue that *Wilkins v. Montgomery* shows relation back in this instance would be prejudicial against LIC. 751 F.3d 214 (4th Cir. 2014). But *Wilkins* is readily distinguishable from the case at hand. First, *Wilkins* did not involve a parent-subsidiary relationship, but instead involved multiple individuals. *Id.* at 225. Second, the record reflected that the parties were not represented by the same lawyers. *Id.* at 225–26. Third, that case was not initially filed in state court and later removed to federal court. *Id.* at 217. Here, by contrast, the case before the Court involves the same representing attorney, a parent-subsidiary relationship, and a removal action. Each of the aforementioned factors plays an important role in determining relation back under federal law. Moreover, this is a case concerning application and construction of an insurance policy—paradigmatic legal questions. And there is no indication that any delay in adding LIC as a defendant in this case has made it any more difficult or costly for LIC or any party

to develop the factual record or to conduct discovery. In totality, adding LIC at this stage in the litigation would not prejudice LIC in their defense on the merits.

3. But-For Mistake

Finally, this Court is left to determine whether LIC knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against them. "Rule 15(c)(1)(C)(ii) asks what the prospective defendant knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing h[is] original complaint." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) (emphasis in original). Thus, even if a plaintiff is aware that a prospective defendant exists, but "harbor[s] a misunderstanding" regarding his role in the events giving rise to the claim, the plaintiff is not foreclosed from satisfying Rule 15(c)(1)(C)(ii). *Id.* at 549

Because of LIC's relationship with Defendants, LIC should have known within the Rule 4(m) period that it was not named as a defendant in the complaint only because of Plaintiffs' misunderstanding about which "Liberty" entity sold them the insurance policy.

The Court concludes that Plaintiffs' claims satisfy the requirements under Rule 15(c). Because the Federal Rule permits Plaintiffs to amend under these facts, the Court need not determine whether the outcome under Virginia law differs. Therefore, this Court finds that under Rule 15(c), relation back is permitted.

Given the determination with respect to Plaintiffs' motion to amend, the Court declines to analyze the merits underlying the Rule 12(b)(6) motion. During the hearing on these motions, Plaintiffs' counsel duly stated that he would voluntarily dismiss the named Defendants and sue LIC as the correct defendant, should the motion to amend be granted. Therefore, the Court will grant Defendants' motion to dismiss without prejudice, and afford Plaintiffs fourteen (14) days to amend their complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to amend is **GRANTED**, Dkt. 14, and Defendants' motion to dismiss is **GRANTED** without prejudice, Dkt. 9. An appropriate Order will issue, and the Clerk of the Court is hereby directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

ENTERED this 17th day of December, 2020.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE